IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PLANTS WHOLESALE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-0565-D |
| | § | |
| MASSACHUSETTS BAY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, defendant Massachusetts Bay Insurance Company ("Massachusetts Bay") moves for summary judgment on all the claims brought by plaintiff Plants Wholesale LLC ("Plants Wholesale"). For the reasons that follow, the court denies the motion as moot and grants Massachusetts Bay leave to file a second motion for summary judgment.

I

Plants Wholesale initiated this action in Texas state court, asserting claims for breach of contract and violation of the Texas Insurance Code, Tex. Ins. Code Ann. tit. 5, chs. 541-542. On December 1, 2025 Massachusetts Bay filed a motion for summary judgment on all of the claims alleged in Plants Wholesale's state court petition. On February 27, 2026 Plants Wholesale filed an unopposed motion for leave to file an amended petition, which the court granted the same day. Plants Wholesale then filed its unopposed amended original petition (which the court will refer to as its "amended complaint"), also on February 27,

2026.

The court is now deciding the motion for summary judgment on the briefs, without oral argument.

II

Courts have recognized that the filing of an amended complaint can render moot a motion for summary judgment addressed to the original complaint.  *See, e.g.*, *Griffin v. Am. Zurich Ins. Co.*, 697 Fed. Appx. 793, 797 (5th Cir. 2017) (per curiam) ("Once filed, that amended complaint rendered all earlier motions, including Griffin's motion for partial summary judgment, moot.") (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam)); *Stredwick v. Dall. Margarita Soc'y, Inc.*, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012) (Furgeson, J.) ("The filing of an amended complaint generally renders pending motions moot."); *Great Lakes Ins. SE v. La Marche Mfg. Co.*, 2026 WL 659236, at *1 (E.D. La. Mar. 9, 2026) (denying motion for summary judgment as moot where pending motion addressed state court petition that was superseded by amended complaint).  The court may exercise discretion, however, to treat the motion for summary judgment as directed to the amended complaint where the arguments presented in the motion "apply equally to [the] amended complaint."  *Zavala v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 2017 WL 3279158, at *1 n.1 (N.D. Tex. Aug. 2, 2017) (Fitzwater, J.).

In the present case, the amended complaint differs from the state court original petition in material ways.  Plants Wholesale's amended complaint clarifies that the breach of contract claim turns on whether an exception to the insurance policy's exclusion of a

particular cause of loss applies.  Massachusetts Bay's summary judgment motion does not address this exception when discussing Plants Wholesale's alleged loss of business income; instead, it focuses primarily on what it understood to be Plants Wholesale's only viable theory based on the state court petition.[1]  Moreover, Massachusetts Bay's motion for summary judgment moves to dismiss claims under §§ 541.060(a)(1), 541.060(a)(2)(a), 541.060(a)(4), and 541.061 of the Texas Insurance Code.  Yet, unlike the state court petition, the amended complaint does not allege violations of §§ 541.060(a)(1), 541.060(a)(4), or 541.061.  Instead, the amended complaint asserts that Massachusetts Bay violated §§ 541.060(a)(2)(A), 541.060(a)(3) and 541.060(a)(7).  Because there are material differences between the arguments raised in the motion for summary judgment and the changes made in the amended complaint, the court denies the motion for summary judgment as moot.  *See Lofty, LLC v. McKelly Roofing, LLC*, 2018 WL 6004307, at \*1-2 (N.D. Tex. Nov. 7, 2018) (Reno, J.) (denying motion for summary judgment as moot where plaintiff added a new cause of action and clarified "existing allegations and causes of action"), *rec. adopted*, 2018 WL 6000147 (N.D. Tex. Nov. 15, 2018) (Fitzwater, J.); *cf. Hymes v. AmCap Mortg., Ltd.*, 2019 WL 1748678, at \*2-3 (S.D. Tex. Apr. 18, 2019) (Rosenthal, C.J.) (denying motion to dismiss as moot because "amended complaint differ[ed] in important ways from the original

_____

[1]Massachusetts Bay does present various arguments in its reply brief regarding whether this exception entitles Plants Wholesale to the loss business income it seeks to recover.  But arguments raised for the first time in a reply brief are not considered.  *See, e.g.*, *Jacobs v. Tapscott*, 2006 WL 2728827, at \*7 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) ("[T]he court will not consider an argument raised for the first time in a reply brief."), *aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008).

complaint, and because the issues related to the amended complaint are most efficiently addressed and resolved in a single motion").

III

Although the court is denying the motion for summary judgment as moot, it will grant Massachusetts Bay leave under N.D. Tex. Civ. R. 56.2(b) to file a second motion for summary judgment. *See Harris v. Amazon.com Inc.*, 2025 WL 936660, at \*1-2 (N.D. Tex. Mar. 26, 2025) (Horan, J.) (granting leave to file a second motion for summary judgment after granting leave to amend complaint). The motion must be filed within 28 days of the date this memorandum opinion and order is filed.[2]

\*   \*   \*

For the reasons explained, the court denies the motion for summary judgment as moot and grants Massachusetts Bay leave to file a second motion for summary judgment.

**SO ORDERED**.

March 18, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[2]Under the April 14, 2025 scheduling order, motions for summary judgment were due no later than December 1, 2025. It is therefore necessary to extend the deadline in order for Massachusetts Bay to file a second motion for summary judgment.

This case is currently set for trial on the two-week docket of May 18, 2026. The court will consider a motion to continue that setting. A related case (No. 3:25-CV-03219-D), which is subject to a pending motion to consolidate with this case, is currently set for trial on April 5, 2027.